ELLIS, Judge,
concurring:
I concur in the result reached by the majority, but with the following comments:
R.S. 48:461.4(c)4, which the trial judge found created a duty on the part of Exxon not to erect signs on its property, has no application to this case. That statute, Act 474 of 1966, applies to areas adjacent to Interstate and Primary Highway Systems.
The Stop sign on Rushing Road was located about 30 feet from the edge of the traveled portion of Range Road. Plaintiff complains that his vision was obstructed by the signs when stopped at the Stop sign. I consider this to be immaterial. R.S. 32:123 B provides:
“Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.”
Mr. Allen was not required to stop at the Stop sign, but should have proceeded to the edge of Range Road. At that point, where the law requires him to stop, he was well past the signs placed on its property by Exxon, and these signs could not have obstructed his vision in any way.
Mr. Allen also claims that his vision was obstructed by an automobile parked on the shoulder in front of the center median of the station, and that Exxon is responsible, because it should have anticipated that people would be attracted by its grand opening and that some of them would park in front of the station. I cannot agree. In the first place, the vehicle was legally parked about 40 feet from the intersection. I think it is clear, from the photographs in the record, and a matter of common sense, that the parked vehicle did not so obstruct Mr. Allen’s sight lines, when he was stopped at the edge of the highway, as to prevent him from seeing a sufficient distance up the road to perceive oncoming traffic.
Even if there was an obstruction of Mr. Allen’s vision, I do not believe that Exxon can be held liable for the actions of some unidentified third party who legally parked his vehicle on a public highway adjacent to the station.
Finally, once Mr. Allen entered the highway, at two miles per hour, he had more than ample time to see the Edwards vehicle approaching in the inside lane, and to stop his own vehicle, thereby avoiding the accident.
I find no negligence on the part of Exxon, and believe that this accident resulted entirely from Mr. Allen’s failure to keep a proper lookout, and see what he should have seen.